Udovc, Plaintiff and Respondent, vs. Ross, Defendant: RIEFSCHNEIDER, Defendant and Appellant: FIREMAN'S FUND INDEMNITY COMPANY, Defendant and Respondent.*

*May 4—June 8, 1954.*

---

* Motion for rehearing denied, without costs, on October 5, 1954.

For the appellant there was a brief by *George D. Young,* and oral argument by *Mr. Young* and *Mr. John H. Ames,* both of Milwaukee.

For the respondents there was a brief by *Hedding & Hedding* of Milwaukee, for Margaret S. Udovc, and by *John A. Udovc* of Milwaukee, for Fireman's Fund Indemnity Company, and oral argument by *Mr. James A. Hedding* and *Mr. Udovc.*

GEHL, J.    The motion for summary judgment was considered upon affidavits and testimony taken. Prior to Octo-

ber, 1950, the Studebaker was owned by Fred Riefschneider. Ross testified that the car had been stored in his garage just around the corner from the Riefschneider home; that during that month Riefschneider turned the title certificate over to him and that he understood that the car was to be a birthday gift to him; that his birthday anniversary is November 8th; that he did not "buy a license" for the car because he did not have title; that he sent the title certificate to the motor vehicle department when he received it from Riefschneider and that it was not returned to him by the department until after the collision; that he made no application for insurance, his father-in-law having stated that he would cancel an existing policy and would make arrangements for a new policy in Ross' name as soon as the car was his; that between the date of the delivery of the title certificate to him and the date of the accident both he and his father-in-law used the car.

The trial court denied the motion for summary judgment upon the ground that an issue exists relative to the ownership of the Studebaker, whether a completed gift had been made to Ross. Since *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 281 N. W. 697, this court has consistently held that summary judgment will not be granted where there is any disputed material question of fact involved. We agree with the trial court that there are disputed questions of fact and inferences permissible which must be determined upon a trial. Upon his previous purchases of automobiles Riefschneider immediately provided for insurance coverage upon the newly acquired car; he testified that in this instance he planned to delay such action until the assigned certificate of title would be received by Ross. In his answer Riefschneider alleges that when the assignment of the certificate of title was made he instructed Ross to take whatever action might be necessary to continue insurance coverage upon the car; Ross testified that Riefschneider had agreed to arrange for a new policy as soon as he, Ross, had the title in his

name. Riefschneider retained at least partial control of the car until the date of the accident. At the time of the collision Ross had not applied for license plates. The accident occurred before the anniversary of Ross' birthday. In an affidavit filed by one of plaintiff's attorneys it is alleged that Joyce Ross, a member of the household of Riefschneider, a passenger in the Studebaker, and one of the persons injured as a result of the collision, received from Hardware Mutual Casualty Company, insurer of Riefschneider, $1,800 in settlement of her claim for damages; that Riefschneider was aware of those facts, and consequently recognized that he was still the owner of the car at the time of the accident.

Although there is no serious dispute in the testimony as to some of the material facts, the circumstances alleged and shown are such as to permit reasonable inferences to be drawn in support of the respective claims of the parties as to the ownership of the automobile at the time of the collision. Under such circumstances the court cannot assume to decide the controversy upon a motion for summary judgment. The question of fact must be submitted to and decided by a jury. *Dachelet v. Home Mut. Casualty Co.* 258 Wis. 413, 46 N. W. (2d) 331.

*By the Court.*—Orders affirmed:

The following memorandum was filed October 5, 1954:

GEHL, J. (*on motion for rehearing*). In our original opinion we stated erroneously that "the sole issue upon this appeal is as to the ownership of the Studebaker at the time of the accident." We should have stated that this is the primary issue. It may appear from the trial that the question whether Ross was acting as the agent for Riefschneider at the time of the accident must be determined. All of the material issues raised by the pleadings must be tried.

*By the Court.*—The motion for rehearing is denied without costs.