SKYLINE CONSTRUCTION, INC., Plaintiff, v. SENTRY REALTY, INC., Defendant and Appellant: GASZAK and wife, Defendants and Respondents.

*April 13—May 10, 1966.*

For the appellant there was a brief by *Sabrowsky, Raasch, Reidenbach & Miller*, attorneys, and *Arnold J. Gazinski* and *Stephen R. Miller* of counsel, all of Milwaukee, and oral argument by *Stephen R. Miller*.

For the respondents there was a brief by *Beaudry & Kershek*, attorneys, and *Richard D. Kaestner* of counsel, all of Milwaukee, and oral argument by *Mr. Kaestner*.

BEILFUSS, J. Sentry contends there are no undisputed material facts which would relieve the Gaszaks from liability under the terms of the warranty.

Sec. 270.635 (2), Stats., provides for summary judgment:

"The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has

knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

The rules under which this court approaches questions on summary judgment are well established.

"The rules governing summary judgments are well known and have been frequently stated and explained by this court. Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305, and *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41, we first examined the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 108 N. W. (2d) 552." [1]

---

[1] *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. (2d) 275, 277, 137 N. W. (2d) 49, quoted in *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 141 N. W. (2d) 261. See also *Lathan v. Journal Co.* (1966), 30 Wis. (2d) 146, 140 N. W. (2d) 417.

We have also pointed out on numerous occasions that a summary judgment is not to be easily granted, but only upon a clear showing that no substantial issue of fact exists.

"We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; *Ondrejka v. Ondrejka* (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 85 N. W. (2d) 364; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200." [2]

In applying these rules we first look to the moving papers and documents presented by Sentry. These papers, in the form of excerpts from the adverse examinations of the Gaszaks, show that the Gaszaks signed the offer to purchase knowing that it contained the warranty. They also show that there was a dispute over the meaning of the warranty language, and that Mr. Walczak, Sentry's president, told the Gaszaks that they had nothing to worry about if there was no peat or peat moss on the property because Sentry was only worried about peat moss. The moving papers also include an affidavit of Mr. Bay, the excavator, that at the six and one-half foot level he ran into "a layer of clay fill over a covered creek or natural drainage ditch bed; that underneath the clay fill, affiant ran into soft muck bottom containing peat moss, peat and water. . . ."

From this Sentry argues that a summary judgment in its favor is necessary because the warranty was a general warranty against any abnormal subsoil condition which would not support the intended construction,

[2] *Voysey v. Labisky, supra,* at page 278.

and because even if the warranty were held to apply to a peat-moss condition only, that condition was encountered.

The warranty "there is no subsoil condition" is not so clear and plain in its meaning that it can be said to be unambiguous. Even Sentry admits that the language requires interpretation, as it argues that the language means that there is no abnormal subsoil condition of such a nature that it would not support the intended construction. Thus, we hold the warranty to be ambiguous on its face.

However, summary judgment would still be available to Sentry upon a showing that the condition which caused the additional expense was in fact peat moss, since the Gaszaks contend only that the warranty was intended to warrant against peat moss and no other abnormal subsoil condition.

From the affidavit of Mr. Bay it is unclear that the peat moss he encountered caused the additional expense. He states that he encountered clay fill, a covered creek or natural drainage ditch bed, soft muck, peat, and water. He further states "that by reason of the soft bottom and subsoil condition encountered" he had to step down the footings and do extra trucking and trenching.

Sentry has not established its right to judgment since it has not shown that the peat moss encountered was the cause of the injury claimed.

Even if we were to hold that Sentry has established a *prima facie* case, we could not grant summary judgment. The Gaszaks present affidavits in opposition to the motion for summary judgment. Among them is one made by Mr. and Mrs. Gaszak which shows that they made demand on Sentry for a bill of particulars concerning the nature of the subsoil condition encountered, and that the bill of particulars received, sworn to by Mr. Walczak, Sentry's president, states:

"The subsoil condition was such that at footing level, soft soil and fill was encountered and it was the kind of condition which necessitated going down to a greater depth of from one to four more courses of block in order to hit native soil upon which one could firmly lay the footing. The subsoil was, to the best of defendant's knowledge and belief, fill and not native soil and was not load-bearing soil which, accordingly, would not hold construction of the building."

The bill of particulars contains no mention of peat or peat moss.

Therefore, the meaning of the ambiguous warranty and the nature of the subsoil condition causing the injury are issues to be resolved by a trial, as the trial court correctly determined.

Because we have determined that a trial must be had upon the merits, we do not consider the failure of the trial court to rule upon the timeliness of the motion for summary judgment.

*By the Court.*—Order affirmed.