NORTHWEST CAPITAL CORPORATION, Appellant, v. KIMMEL, Respondent.

*January 30—February 28, 1967.*

For the appellant there was a brief by *Whyte, Hirsch-boeck, Minahan, Harding & Harland,* attorneys, and *Reginald W. Nelson* and *Richard D. Silberman* of counsel, all of Milwaukee, and oral argument by *Mr. Silberman.*

For the respondent there was a brief by *Teper & Weiss* of Milwaukee, and oral argument by *Daniel J. Weiss.*

HEFFERNAN, J.   The plaintiff, Northwest Capital Corporation, has appealed from the trial court's denial of its

motion for summary judgment brought pursuant to sec. 270.635 (2), Stats.[1] In the recent case of *Skyline Construction, Inc., v. Sentry Realty, Inc.* (1966), 31 Wis. (2d) 1, 4, 141 N. W. (2d) 909, we stated:

" 'If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion.' "

This case presents no disputed facts, and the only question before the court, in light of the undisputed matters set forth in the affidavits of both parties, is the legal effect of the agreement signed by Kimmel and the vice-president of Northwest on March 21, 1964. A matter of law is presented which may be resolved upon a motion for summary judgment. The agreement consisted of a letter by Peter A. Kimmel setting forth his proposition, and at the foot of such letter was set forth the terms of the acceptance of Kimmel's proposition signed by Robert C. Sullivan, Northwest's vice-president. The following sections of Kimmel's letter are relevant to the controversy:

". . . It is my intention to confirm our mutual intention for you to enter in to a Purchase Agreement with the Corporation in the form customarily used by you and including the terms and conditions hereinafter set forth.

[1] Sec. 270.635 (2), Stats., provides:

"The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

It is understood that you shall be under no obligation to enter into such Purchase Agreement unless the acquisition of the assets of Wisconsin Metal is as heretofore represented to you and such acquisition as well as all other legal matters relating to the Purchase Agreement, is in form and substance satisfactory to you and your counsel. . . .

"13. A commitment fee of $5,000 shall be paid to you by the Corporation regardless of whether or not the transaction between you and the Corporation is consummated. . . .

"If the financing is approved by your Board of Directors and the Corporation is not organized, or if after organization the Corporation for any reason does not pay the commitment fee referred to in the above paragraph (13), such commitment fee will be paid to you by the undersigned within ten days after receipt of your invoice therefore."

Northwest's acceptance provided:

"Subject to the approval of its Board of Directors Northwest Capital Corporation agrees to provide the foregoing financing to a Corporation to be organized by Peter A. Kimmel on the basic terms as outlined above if the accounting and other verifications referred to above do not vary materially from the pro-forma balance sheet and representations heretofore submitted and if all transactions referred to above are satisfactory to Northwest Capital Corporation and its counsel."

It is undisputed that on March 24, 1964, the board of directors of Northwest adopted the following:

"*Resolved,* that the application for financing in the amount of $350,000 by a new organization to be formed by Peter A. Kimmel to purchase the assets of the Wisconsin Metal & Chemical Corporation be and hereby is approved, and that the officers of the corporation be authorized to consummate the transaction subject to verification by the lawyer and by the accountant of all representations."

On May 20th, Northwest refused the requested financing.

There is no evidence that the corporation that was proposed was ever in fact incorporated. Northwest, hence, looks to Kimmel, claiming that he personally guaranteed the payment of the commitment fee set forth in Paragraph 13 and quoted above. Both Kimmel and Northwest agree that Kimmel is not personally responsible unless the financing was approved by the plaintiff's board of directors. While the parties have not thus formally stipulated, their oral arguments and briefs make it apparent that each party considers that the approval by Northwest's board of directors is the *sine qua non* of liability. Kimmel contends that the director's action on March 24th constituted such approval, while Northwest disagrees. After reviewing the record, we have no hesitation in concluding that the board's action did not constitute the approval of financing. At the very most, it was a contingent commitment to finance in the event that the representations of Kimmel withstood the scrutiny of Northwest's lawyers and accountants. As the trial judge aptly stated, it was an approval only of the application for financing, and, in effect, the action of the board of directors amounted to saying that, "If upon examination we find the facts to be as set forth in your application, the loan will be made." This, however, is not a statement approving the financing. It was a statement setting forth the basis upon which financing would be made. That was exactly what the agreement contemplated. Sullivan's acceptance of Kimmel's proposal set forth the basis upon which financing would be provided, but he made it clear that the prerequisite to such approval was the determination that the representations submitted were verifiable by Northwest's experts. The resolution of Northwest's board of directors was, in essence, a ratification of Sullivan's agreement and a further statement that financing would be forthcoming if Kimmel could satisfy Northwest's attorneys and accountants. A reading of the resolution

makes apparent its plain meaning that financing would not be approved unless the conditions therein were resolved in a fashion satisfactory to Northwest.

It is our opinion that the determination that the action of the board of directors was not an approval of the financing resolves adversely to the appellant the only issue in this case. It should also be pointed out that the other alternative upon which Northwest claims that Kimmel is personally liable is not applicable for it provides:

". . . if after organization the Corporation for any reason does not pay the commitment fee referred to in the above paragraph (13), such commitment fee will be paid to you by the undersigned . . . ."

There is nothing in the affidavits to show that the corporation contemplated ever came into existence, so this contingency never arose. In addition, the approval by the board of the financing was also a prerequisite for liability under this clause. On the basis of the undisputed facts, therefore, the plaintiff's proof is insufficient in law to establish Kimmel's personal liability. Plaintiff's motion for summary judgment was properly denied.

Upon the same set of facts, the defendant moved for summary judgment dismissing the plaintiff's complaint. His motion was also denied by the trial judge. Had the defendant appealed from the denial of his motion, we would have no hesitancy, on the basis of the facts before us, to reverse and direct the entry of judgment dismissing the plaintiff's complaint. However, that portion of the order is not before us upon appeal, and further proceedings must be resolved by appropriate action in the trial court.

*By the Court.*—Order affirmed, and the cause is remanded to the circuit court for Milwaukee county for further proceedings not inconsistent with this opinion.