JAHNS, by general guardian, Plaintiff and Respondent, v. MILWAUKEE MUTUAL INSURANCE COMPANY and others, Defendants and Respondents: WESTERN CASUALTY & SURETY COMPANY and another, Defendants and Appellants.

*January 2—January 30, 1968.*

For the defendants-appellants there were briefs by *Worthing, Schneider & Mickiewicz* of Fond du Lac, and oral argument by *Kenneth E. Worthing*.

For the plaintiff-respondent there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the defendant-respondent Martin H. Priebe there was a brief by *William F. Hayes* of Ripon, attorney, and *William A. Ritchay* of Milwaukee of counsel, and oral argument by *Mr. Hayes*.

CONNOR T. HANSEN, J. The ultimate question to be determined on this appeal is whether appellants have sufficiently demonstrated that the relationship between Martin H. Priebe & Son and the Brooklyn Dairy, Inc., was that of an independent contractor so as to entitle them to summary judgment.

The rules under which this court approaches questions on summary judgments are well established. *Skyline Construction, Inc., v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 4, 5, 141 N. W. 2d 909.

" 'The rules governing summary judgments are well known and have been frequently stated and explained by this court. Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305, and *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41, we first examined the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 108 N. W. (2d) 552.'

"We have also pointed out on numerous occasions that a summary judgment is not to be easily granted, but only upon a clear showing that no substantial issue of fact exists.

" 'We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33

W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; *Ondrejka v. Ondrejka* (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 85 N. W. (2d) 364; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200.' "

In Wisconsin the principal point of distinction between an employee or agent and an independent contractor is the degree of retention by the employer or principal of the right to control the manner in which the details of the work are to be performed. *Carothers v. Bauer* (1964), 23 Wis. 2d 15, 26, 126 N. W. 2d 758; *Weber v. Hurley* (1961), 13 Wis. 2d 560, 568, 109 N. W. 2d 65; *Bond v. Harrel* (1961), 13 Wis. 2d 369, 374, 108 N. W. 2d 552.

An examination of the moving papers, documents and affidavits, which include excerpts from an adverse examination of Martin H. Priebe, brings us to a concurrence with the trial court in that there are substantial issues of fact, and conflicting permissible inferences from the facts as stated.

We shall refer to some of them. There was no written agreement between Priebe and Brooklyn which attempted to define the relationship per se. In both *Carothers v. Bauer, supra,* and *Mueller v. Luther* (1966), 31 Wis. 2d 220, 142 N. W. 2d 848, cited by the appellant as controlling authority in the case now before us, there was a written contract, which among other things, was drawn for the purpose of creating the status of independent contractor. We do not infer that the absence of a written contract prevents Priebe from being an independent contractor, but we do emphasize that it is a most distinguishing factor between the case now before us and *Carothers* or *Mueller.*

The moving documents also reveal the following facts:

That the accident occurred at a time when Roger D. Priebe had just begun his regular milk collection

route for Brooklyn. Martin H. Priebe does the hiring and firing of his employees, deducts social security and carries workmen's compensation insurance, pays all license fees, gasoline and tires and assumes all expenses and repairs in conjunction with his trucks. The partnership arranged its own itinerary and schedule for the daily pickup and delivery of milk. The hauler was not required to wear a special uniform. Several of the drivers employed by the partnership are licensed by the Wisconsin agricultural department.

When the hauler arrived at a farm to pick up the milk he put a sample of it in a container furnished by the dairy; identified the sample with the farmer's number; weighed and measured the milk; recorded such data on a record pad furnished by the dairy, and then pumped the milk into his (the hauler's) tank truck. When the driver arrived at the dairy he again took another sample, placed it in a container provided by the dairy, marked upon it the route number, took the weighing data and samples in the tray-container for each patron to the dairy office. After the milk was delivered to the dairy, the dairy employees washed the inside of the hauler's truck, as required by health regulations.

Brooklyn furnishes a weigher, sampler box (tray-container), thermometers and pads for recording milk weights, but never provided trucks or other equipment.

One Miles Swanson also hauled milk for Brooklyn. He and Priebe had a reciprocal agreement to haul for each other when either was unable to do so. However, on at least one occasion Brooklyn caused Priebe to discharge a driver that was not satisfactory to it. Priebe owned some 26 trucks, including the instant one, and was engaged in a variety of trucking enterprises.

Brooklyn required Priebe to take orders for merchandise sold by it, including butter and cheese manufactured by the dairy, strainer pads, calf feed, chemical farm products and paper towels. These materials and supplies were delivered to the respective farm patrons

at the time of the milk pick up. Priebe also kept records concerning these orders and deliveries. He delivered the patron's monthly milk check and was not permitted to obtain new patrons without permission of the dairy. The hauler also transmitted any complaints of the patrons to the dairy and in accordance with regulations of the Chicago board of health the name of Brooklyn Dairy was printed on Priebe's truck.

The affidavit of Joseph F. Gherbaz, president of Brooklyn Dairy, states:

"For Grade A milk hauled in bulk, the patron pays .10¢ per hundred weight, plus .40¢ per stop. This is deducted from the patron's milk check, and, in turn, Brooklyn Dairy pays Priebe .17¢ per hundred weight and .40¢ per stop."

The record is vague as to the reason for Brooklyn Dairy paying the additional 7¢ per hundred weight to Priebe.

The summary-judgment procedure is not to be a trial on affidavits. A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgment whether there is a substantial issue to be tried. *Buss v. Clements* (1963), 18 Wis. 2d 407, 412, 118 N. W. 2d 928; *Trczyniewski v. Milwaukee* (1961), 15 Wis. 2d 236, 238, 112 N. W. 2d 725.

The trial court was correct in denying the defendant's motion for summary judgment. When undisputed facts lead to two different inferences, summary judgment is not proper. *Skyline Construction, Inc., supra; Fischer v. Mahlke* (1963), 18 Wis. 2d 429, 435, 118 N. W. 2d 935.

The respondent, on this appeal, raises certain issues of insurance coverage arising out of the insurance contract issued by Western Casualty & Surety Company to Brooklyn Dairy, Inc., and also as to certain pretrial procedures engaged in by the appellants in procuring a deposition from Martin H. Priebe.

On having reached the decision that defendants' motion for summary judgment should be denied, the summary-judgment procedure established by sec. 270.635, Stats., is not the proper vehicle to be used in bringing matters of this nature before this court for determination.

"We have expressed this idea by stating we look first to the affidavits in support of the motion to see if a *prima facie* case has been made within the meaning of sec. 270.635, Stats., and if such a case has not been made we need go no farther." *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 539, 141 N. W. 2d 261; *Peterson v. Maul* (1966), 32 Wis. 2d 374, 377, 145 N. W. 2d 699.

*By the Court.*—Order affirmed.

ROBERT W. HANSEN, J., took no part.