ZIMMER, Plaintiff and Respondent, v. DAUN and another, Defendants and Respondents: FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant and Appellant.

*No. 42. Argued October 29, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 626.)

For the defendant-appellant there were briefs by *Tonjes & Mortensen* of Fond du Lac, and oral argument by *Carl M. Mortensen.*

For the plaintiff-respondent there was a brief by *Byrne, Bubolz, Spanagel & Pfankuch* of Appleton, and oral argument by *William S. Pfankuch.*

For the defendants-respondents there was a brief by *Bonk, Lutz & Hertel* of Chilton, and oral argument by *Robert W. Lutz.*

HALLOWS, C. J. The motion of Fidelity was based upon the proposition that as a matter of law Dean and Daun were not additional insureds under the policy and were not entitled to coverage thereof because they were not engaged in unloading the cement from the truck at the time of the accident within the meaning of the policy. In denying the motion the trial court did not assign any reasons therefor. Consequently, this court will assume the trial court considered it wanted to have the facts of the case determined by trial rather than deciding the policy extended coverage to the defendants Dean and Daun. The briefs on appeal, however, are addressed only to the question of the interpretation of the loading and unloading provisions of the policy. We do not reach that question on this appeal because we do not think the trial court considered it.

We point out the question is an interesting one and this court has not interpreted the loading and unloading

provisions of an insurance policy as applied to the unloading or delivery of ready-mixed concrete. The cases involving such problem from other jurisdictions present no unanimous answer.[1] It is urged upon this court that *Stammer v. Kitzmiller* (1937), 226 Wis. 348, 276 N. W. 629, adopted the "coming to rest" rule as determinative of the concept of "unloading" a truck and requires a ruling in favor of Fidelity. The *Stammer Case* has been cited for such a rule. 12 Couch, *Insurance* (2d ed.), p. 196, sec. 45:127. It is argued that *Hardware Mut. Casualty Co. v. Saint Paul-Mercury Indemnity Co.* (1953), 264 Wis. 230, 58 N. W. 2d 646, and *Peterson v. Sinclair Refining Co.* (1963), 20 Wis. 2d 576, 123 N. W. 2d 479, apply the "completed operation" rule rather than the "coming to rest" rule and require a denial of the motion because the ready-mixed concrete had not reached its destination in the forms when the accident happened. *See also Raube v. Christenson* (1955), 270 Wis. 297, 70 N. W. 2d 639.

We cite these cases to show the importance of this question of the interpretation of the loading and unloading clause in an insurance policy as applied to the delivery of ready-mixed cement. A trial court need not decide a question of law on a motion for summary judgment under sec. 270.635, Stats., even though no conflict of material facts exists. There is no absolute right to summary judgment. We recently pointed this out in *Schuster v. Germantown Mut. Ins. Co.*, ante, p. 447, 162 N. W. 2d 129.

---

[1] For example of how the courts have differed, *see United States Fidelity & Guaranty Co. v. Backus* (1965), 243 Md. 121, 220 Atl. 2d 139; *Travelers Ins. Co. v. Employers Casualty Co.* (Tex. 1964), 380 S. W. 2d 610; *Saint Paul Mercury Ins. Co. v. Huitt* (6th Cir. 1964), 336 Fed. 2d 37; *San Fernando Valley Crane Service, Inc. v. Travelers Ins. Co.* (1964), 229 Cal. App. 2d 229, 40 Cal. Rptr. 165. *See also* Annot. (1964), *Risks within "loading and unloading" clause of motor vehicle liability insurance policy*, 95 A. L. R. 2d 1122.

We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that "Summary judgment may be entered" as provided in the section and that "The judgment may be entered in favor of either party." In sub. (3) it is provided that a summary judgment "may be awarded" to the plaintiff although he has not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so. In sub. (4) it is provided that if the only issue of fact is the amount of damages, "an immediate hearing to determine such amount shall be ordered" and upon the determination, judgment shall be entered. It is apparent the words "may" and "shall" in this section have been used with care to express the intent of the legislature.

We are of the opinion this question of "loading and unloading" coverage ought not be decided upon the affidavits presented. Because of the importance of the construction as a precedent, a determination of all the facts material to the construction is needed, and we are not convinced the affidavits set forth all the relevant facts which should be considered.

*By the Court.*—Order affirmed.