KRETCHMAN, Respondent, v. REID, Appellant.

*No. 194.  Argued March 31, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 301.)

678

For the appellant there was a brief by *Block & Summers,* attorneys, and *Richard E. Rosenberg* of counsel, all of Janesville, and oral argument by *Mr. Rosenberg.*

For the respondent there was a brief and oral argument by *Jack McManus* of Madison.

ROBERT W. HANSEN, J. What was the legal status of the plaintiff at the time she fell down an unlighted, unguarded basement stairwell on defendant's home premises?

If she was an invitee, as the complaint alleges, the defendant owed to her the duty of ordinary care.[1]

If she is considered to have been a licensee, as plaintiff's complaint conceded she may have been, the defendant had the duty to protect her from known traps on the premises and to refrain from any active negligence.[2]

[1] *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 125, 141 N. W. 2d 902; *Stamberger v. Matthaidess* (1967), 37 Wis. 2d 186, 191, 155 N. W. 2d 88.

[2] *Voeltzke v. Kenosha Memorial Hospital* (1969), 45 Wis. 2d 271, 282, 172 N. W. 2d 673; *Scheeler v. Bahr* (1969), 41 Wis. 2d

If her status was that of trespasser, as defendant contends, the defendant would owe her the duty to refrain from any intentional acts causing injury, but would not be liable for failure to exercise ordinary care.[3]

The trial court denied the motion for summary judgment and set the case for trial. This was the prudent and proper course to take. Both the pleadings and the affidavits contain a substantial issue or dispute as to the legal status of the plaintiff at the time of the accident. The factual basis which determines the duty owed by the defendant to the plaintiff is in dispute. To decide that issue on a motion for summary judgment would substitute trial by affidavit for trial by testimony.

Shifting ground on oral argument, the defendant argues that, even if he were to concede that plaintiff did have permission to enter upon the premises, it is clear from the affidavits and adverse examinations incorporated by reference, that her status was at best that of a licensee. It follows, it is argued, that, as a matter of law, this court could and should find that the defendant did not breach his duty as licensor; or that plaintiff was at least fifty percent negligent as a matter of law. This shifts, but does not remove, the area of dispute as to facts. If status and duty alike were clear, there would remain the issue of whether or not such duty was fulfilled. The remedy of summary judgment is not to be made available ". . . to obtain quick relief at the expense of a searching determination for the truth," as to cases or issues ". . . which are basically factual and depend to a large extent upon oral testimony."[4]

---

473, 476, 164 N. W. 2d 310; *Kaslo v. Hahn* (1967), 36 Wis. 2d 87, 89, 153 N. W. 2d 33.

[3] *Shea v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.* (1943), 243 Wis. 253, 10 N. W. 2d 135; *Szafranski v. Radetzky, supra.*

[4] *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 658, 155 N. W. 2d 659.

It is not necessary to review and it ought not here be necessary to reiterate the repeated holdings of this court that the denial of a motion for summary judgment is a discretionary act of the trial court,[5] not to be reversed on appeal unless there is a clear abuse of such discretion,[6] with summary judgment to be granted only ". . . when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried." [7]

These decisions give great weight to the finding of a trial court in denying a motion for summary judgment that there are issues of fact best determined at the time of trial. Here it is apparent that both the pleadings and the affidavits place in dispute substantial issues of fact. So the trial court was well within the outer limits of judicial discretion in denying the motion for summary judgment.

*By the Court.*—Order affirmed.

[5] *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626; *Cadden v. Milwaukee County* (1969), 44 Wis. 2d 341, 171 N. W. 2d 360; *Kemp v. Wisconsin Electric Power Co.* (1969), 44 Wis. 2d 571, 172 N. W. 2d 161.

[6] *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 338, 166 N. W. 2d 191.

[7] *Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 5, 141 N. W. 2d 909. *See also: Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 527, 155 N. W. 2d 674; *Kemp v. Wisconsin Electric Power Co., supra.*