SCHULTZ, by Guardian *ad litem*, and others, Plaintiffs and Respondents, v. TOBIN, Defendant and Respondent: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant and Third-Party Plaintiff and Appellant: CLASSIFIED INSURANCE CORPORATION, Third-Party Defendant and Respondent.

*No. 302. Argued April 29, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 128.)

For the appellant Mutual Service Casualty Insurance Company there were briefs and oral argument by *Clarence V. Olson* of Ashland.

There was a brief for the plaintiffs-respondents by *Pray, Pray & Clark* of Ashland; for the defendant-respondent Martin J. Tobin by *Elizabeth Hawkes* of Washburn; for the defendant-respondent Classified Insurance Corporation by *Gwin, Fetzner, Richards & Skow* of Hudson; and oral argument by *Dale R. Clark* and *John W. Fetzner.*

CONNOR T. HANSEN, J. The litigation arises out of a truck-automobile collision which occurred on May 24, 1969, in Ashland county, Wisconsin.

The issue presented concerns appellant's insurance policy issued to Donald Santama, the owner of the truck, which contained the standard provision with respect to permission as prescribed by sec. 204.30, Stats.:

"**Accident insurance, highway traffic, policy provisions.**

. . .

"(3) No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: . . . . The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the insured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant, such permission in both cases to be deemed permission without regard to s. 343.45 (2) or to whether the riding, use or operation is authorized by law; . . ."

At the time of the accident the truck, owned by Santama and insured by appellant, was driven by defendant-respondent, Martin J. Tobin, who is a brother-in-law of the insured. The car was driven by plaintiff-respondent, Dennis E. Schultz, Jr. Classified Insurance Corporation, third-party defendant (respondent), issued a policy of insurance covering the automobile driven by the plaintiff, Dennis E. Schultz, Jr. Appellant commenced a third-party action against respondent; then brought this motion for summary judgment, which was denied; and this appeal is taken from that denial.

Sometime before the accident, Santama had purchased a 12 foot by 24 foot garage from Tobin. The two of them had loaded it onto Santama's truck and left the truck so loaded at Tobin's place of abode. It was to be moved to Santama's at a later date. The garage was loaded onto

the truck with the front of the truck placed in the garage door opening so that the cab of the truck was entirely inside the garage. The front of the truck was in the center of the garage opening, with the garage resting on the front bumper and extending six feet on each side of the center of the truck and 24 feet back onto the platform of the truck. On the evening of the accident, Santama, his wife, and Tobin's wife, had gone to Glidden for dinner. While they were there and at about 9 o'clock p. m., after the hour of darkness, Tobin attempted to move the garage from his place to Santama's. As he was proceeding down the highway, the headlights of the truck were on so that all that could be seen was the garage moving down the highway with the headlights shining through the garage door opening, the rest of the truck being encased inside the garage.

This court has, on numerous occasions, stated the criteria in reviewing a denial of summary judgment [1] by the trial court.

"We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that 'Summary judgment may be entered' as provided in the section and that 'The judgment may be entered in favor of either party.' In sub. (3) it is provided that a summary judgment 'may be awarded' to the plaintiff although he was not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so." *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 631, 162 N. W. 2d 626.

"It is not necessary to review and it ought not here be necessary to reiterate the repeated holdings of this court that the denial of a motion for summary judgment is a

[1] Sec. 270.635, Stats.

discretionary act of the trial court, not to be reversed on appeal unless there is a clear abuse of such discretion, with summary judgment to be granted only '. . . when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried.' [*Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 5, 141 N. W. 2d 909. *See also: Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 527, 155 N. W. 2d 674; *Kemp v. Wisconsin Electric Power Co.* [(1969), 44 Wis. 2d 571, 172 N. W. 2d 161.]]" *Kretchman v. Reid* (1970), 46 Wis. 2d 677, 681, 176 N. W. 2d 301.

Appellant argues that the facts and circumstances of this case indicate, as a matter of law, that the defendant, Tobin, operated Santama's truck at the time of the accident without the insured owner's consent.

In support of the motion for summary judgment, appellant submitted the affidavit of Santama which alleged the following facts: Santama and Tobin both knew that the garage could not be moved on the highway because of its excessive size without a permit; insurance was necessary before the permit would be issued; application for insurance was made but the policy had not arrived, consequently the permit was not applied for since it was necessary to get the number off the policy for the permit application; Tobin used Santama's vehicle, but only after a request for use was made; Santama did not directly or indirectly, or in any manner, indicate any consent to Tobin to drive the truck with its load upon the highway to Santama's home; neither Tobin nor Santama could use the truck for any other purpose than hauling or transporting the garage without first removing the garage; Tobin did not at any time request authority, permission or consent to operate the truck with its load from Santama or any member of Santama's family; Santama had no knowledge of Tobin's operating the truck or his intention to do so until after the accident;

and Tobin was aware of the necessity of obtaining a permit before moving the garage.

In opposition to the motion for summary judgment, two affidavits of Tobin were submitted which alleged the following facts: Tobin and Santama were brothers-in-law and close friends who, over the years, exchanged work and used each other's vehicles by common and continuing consent, including the truck involved in the collision with plaintiff; the truck in question had been in Tobin's yard for more than a week before the accident, with the keys in it, and it was returned to the Tobin residence after the accident, together with the keys, and continued to be available for use by Tobin; the garage carried by the truck was being transported by Tobin to the Santama residence at the time of the accident, and had been sold by Tobin to Santama:

"8. That permission, as such, was never sought, either by the said Donald Santama, or affiant, for the interchange of their vehicles, since each knew the other's needs, plans, work-program, and the like, the only limitation on such interchange arising on those occasions when each would, at the same time, need the use of one particular vehicle; "

"4. That at no time herein concerned was the usual custom and practice of the interchange of vehicles of affiant and the said Donald Santama in any manner inhibited or prohibited, said interchange of vehicles including the truck with which this matter is concerned continuing without interruption in any manner or form."

In *Harper v. Hartford Accident & Indemnity Co.* (1961), 14 Wis. 2d 500, 509, 111 N. W. 2d 480, this court stated:

". . . A person granting permission for the use of his car need not expressly state all the limitations. In the absence of express permission, the scope of the permission must be determined by the circumstances."

We are of the opinion that the trial court properly concluded that the opposing affidavits presented an issue of fact as to whether the actions of the parties were sufficient to so broaden the scope of permission as to encompass the use of the truck (without express permission or highway department permit) by Tobin on May 24, 1969.

*By the Court.*—Order affirmed.