KELLER and wife, Plaintiffs, v. SCHUSTER, Defendant: TRINITY UNIVERSAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff and Appellant: HERITAGE MUTUAL INSURANCE COMPANY, Third-Party Defendant and Respondent.

*No. 43. Argued March 30, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 640.)

For the appellant there was a brief by *deVries, Vlasak & Schallert,* and oral argument by *Roger H. Weede,* all of Milwaukee.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara.*

ROBERT W. HANSEN, J. This appeal involves a dispute between two insurance companies as to which is liable for damages sustained by Harvey Keller in an accident. If the injuries were sustained during a loading operation of the truck involved, Heritage Mutual Insurance Company is solely liable. If the injuries were not sustained during a loading operation, Trinity Universal Insurance Company is solely liable.

Trinity's motion for summary judgment against Heritage is based on two contentions: (1) That the judgment in the small claims court action for property damages established that the accident took place during a loading operation, and was res judicata; and (2) that the facts alleged by Heritage in its cross complaint established that the accident took place during a loading operation. The trial court rejected both contentions and denied the motion for summary judgment. It was clearly correct in so doing.

*Res judicata?* In holding that findings made in the small claims court case were not res judicata in this action, the trial court ruled:

". . . Most important, however, the present issue was never an issue previously and the questioning by the attorneys at the earlier trial is not reasonably gauged to give fair status to evidence in respect of an issue not before them."

This is a correct statement of the law and the fact situation presented. It is the general rule that, for a judgment to operate as res judicata and be conclusive evidence of a fact sought to be established by it, ". . . it must appear that the fact was a material or essential one, and that the judgment could not have been rendered without deciding the matter. . . ."[1] In following and applying this rule, this court has held ". . . a finding in a former case does not create an estoppel if the fact found

---

[1] 46 Am. Jur. 2d, *Judgments*, p. 593, sec. 423.

did not necessarily determine that case. The judgment must rest upon the fact found or the fact is open to relitigation. . . ." [2] The question of whether the injury took place during the loading operation "did not necessarily determine" the small claims court action for subrogation under the collision insurance policy covering property damages. In fact, as the trial court stated, that question was not at issue at all in the earlier action. The trial court correctly held that findings made in the small claims case were not res judicata in the instant action.

*Issue of fact?* Trinity contends that the Heritage cross complaint establishes that the accident here occurred during the loading of the truck. However, that cross complaint alleges ". . . that said accident happened after Harvey J. Keller had completed all of his duties in connection with the loading of his truck . . ." and ". . . That said accident happened after the loading of the Keller truck had been completed." How long "after" or whether there were intervening activities between "loading" and that accident cannot be determined from the cross complaint. The trial court was "satisfied a fact issue exists," and his ruling on the point is upheld.

It is true that so-called loading operations have been given a rather broad definition in this state.[3] However, on the precise question of determining whether a particular injury occurred during a ready-mix concrete loading operation before trial and on affidavits only, this court has said: "We are of the opinion this question of 'loading and unloading' coverage ought not be decided upon the affidavits presented. Because of the importance of the construction as a precedent, a determination of all the facts material to construction is needed, and we are not

---

[2] *Schofield v. Rideout* (1940), 233 Wis. 550, 555, 290 N. W. 155.

[3] *See: Amery Motor Co. v. Corey* (1970), 46 Wis. 2d 291, 298, 174 N. W. 2d 540; *Komorowski v. Kozicki* (1969), 45 Wis. 2d 95, 105, 172 N. W. 2d 329; *Lukaszewicz v. Concrete Research, Inc.* (1969), 43 Wis. 2d 335, 345, 168 N. W. 2d 581.

convinced the affidavits set forth all the relevant facts which should be considered."[4] What was sauce for the ready-mix concrete case is sauce for the corn picking case. Additionally, in *Zimmer*, rejecting the insurance carrier's claim of entitlement to summary judgment on affidavits prior to trial, this court held, "We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. . . ."[5] A trial court's refusal to grant summary judgment is to be reversed only if there has been a clear abuse of discretion.[6] In the case before us, refusing to grant summary judgment was well within the area of proper trial court discretion.

*By the Court.*—Ordered affirmed.

---

[4] *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 631, 162 N. W. 2d 626.

[5] *Id.* at page 631.

[6] *Schultz v. Tobin* (1970), 47 Wis. 2d 230, 232, 233, 177 N. W. 2d 128; *Kretchman v. Reid* (1970), 46 Wis. 2d 677, 681, 176 N. W. 2d 301.