HOWARD, Receiver of the assets of Caren Pfeffer, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*No. 406. Argued June 4, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 442.)

226

For the appellant there were briefs by *Warshafsky, Rotter & Tarnoff, S. C.,* attorneys, and *Alan E. Gesler* of counsel, all of Milwaukee, and oral argument by *Mr. Gesler.*

For the respondent there was a brief by *Otjen, Philipp & McFadyen,* attorneys, and *Ernest J. Philipp* and *William C. Whitten* of counsel, all of Milwaukee, and oral argument by *Ernest J. Philipp.*

BEILFUSS, J. The plaintiff-appellant receiver alleges that claim adjusters and the attorney for State Farm were negligent and acted in bad faith in the handling of the Toomey claim and in their representation of Caren Pfeffer.

When, as here, the insurer undertakes and controls the defense of a claim against its insured, it has a duty not only to protect itself to the extent of its liability but it must act in good faith to protect the interest of its insured. If it fails to do so it is liable to its insured for the amount the insured required over and above the policy limits.

*Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 310, 132 N. W. 2d 493, and the cases cited therein, set forth three specific duties that the insurer has to its insured. It must exercise ordinary care (1) to make a diligent effort to ascertain the facts, (2) after an investigation by the insurer, if the information it has reveals the probability that a recovery will exceed the policy limits, it must indicate such fact to the insured to the end that he may take such steps as may be open to him for his own protection, and (3) the insurer must keep the insured timely and adequately informed of any offers of settlement received from the claimant and of the progress of any settlement negotiations. If the jury finds that the insurer was negligent in performance of one or more of these duties and further finds, under the appropriate burden of proof, that the insurer did not act in good faith it is liable to the insured for the overage.

Extensive affidavits [2] were filed by both parties. They reveal the extent of the investigation by the adjusters for State Farm during the interval of several months after the accident and until commencement of the action, and of the attorney for State Farm thereafter and until the trial. The affidavits also set the diligent effort, per-

---

[2] The record on file here is about 600 pages.

228

haps advisedly so, of claimant's counsel to inform State Farm of the scope and severity of claimant's injuries and his attempts to negotiate a settlement. The facts concerning the advice or lack thereof given to Caren Pfeffer of the probable exposure, the negotiations for settlement, and the advisability of obtaining separate counsel also appear in these affidavits.

The trial court, in ruling on the motions, stated in part:

"I'm satisfied this case should not be tried upon affidavits. I am satisfied that it would be unfair to either party to accept the affidavits submitted by an opponent as being sufficient to grant a motion for summary judgment in his favor. The inferences to be drawn from the statements made by the parties are subject to different interpretation.

". . . I don't believe he [plaintiff] set forth sufficient facts here to state that he is entitled to such relief.

"Likewise, I don't believe the affidavits of the defendant are sufficient to say that as a matter of law they are entitled to judgment from the uncontroverted facts.

"I think that the statements and the allegations and the inferences to be drawn from them are in conflict to the extent that this matter cannot be resolved by a motion for summary judgment on behalf of either party."

In several recent cases we have held that neither party has a right to summary judgment and the ruling on the motion is discretionary. A statement of this rule appears in *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 631, 162 N. W. 2d 626: [3]

---

[3] *Schultz v. Tobin* (1970), 47 Wis. 2d 230, 233, 177 N. W. 2d 128; *Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 5, 141 N. W. 2d 909; *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 527, 155 N. W. 2d 674; *Kemp v. Wisconsin Electric Power Co.* (1969), 44 Wis. 2d 571, 172 N. W. 2d 161; *Kretchman v. Reid* (1970), 46 Wis. 2d 677, 681, 176 N. W. 2d 301.

"... A trial court need not decide a question of law on a motion for summary judgment under sec. 270.635, Stats., even though no conflict of material facts exists. There is no absolute right to summary judgment. We recently pointed this out in *Schuster v. Germantown Mut. Ins. Co.*, ante, p. 447, 162 N. W. 2d 129.

"We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that 'Summary judgment may be entered' as provided in the section and that 'The judgment may be entered in favor of either party.' In sub. (3) it is provided that a summary judgment 'may be awarded' to the plaintiff although he has not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so. In sub. (4) it is provided that if the only issue of fact is the amount of damages, 'an immediate hearing to determine such amount shall be ordered' and upon the determination, judgment shall be entered. It is apparent the words 'may' and 'shall' in this section have been used with care to express the intent of the legislature."

Even though there may be little or no dispute in the facts, the inferences to be drawn from those facts to support the findings of ultimate facts necessary for judgment may be doubtful. Our review of the evidentiary facts as they appear in the affidavits incline us to a belief that reasonable but different inferences that affect the ultimate facts can be drawn from these evidentiary facts.

This is not the type of case that readily lends itself to disposition by summary judgment. From our review of the record we cannot say, with any assurance, that a jury would or would not find negligence and lack of good faith on the part of State Farm's agents toward Caren Pfeffer.

We conclude the trial court did not abuse its discretion in denying both motions for summary judgment.

*By the Court.*—Order affirmed. No costs to either party.