## REED ROLLER BIT CO. v. PACIFIC EMPLOYERS INS. CO.

No. 13839.

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Rehearing Denied Sept. 4, 1952.

W. B. Browder, Jr., Jack D. Head, Houston, Tex., for appellant.

Russell Talbott, Houston, Tex., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The plaintiff, Reed Roller Bit Company (Reed), appeals from a judgment granting a motion of defendant, Pacific Employers Insurance Company (Insurance Company), to dismiss the complaint for failure to state a claim upon which relief can be granted.

Reed sued the Insurance Company on a liability insurance policy to recover expenses, attorney's fees and $11,500.00 paid by Reed to Furman J. Johns in settlement of Johns' suit against Reed and Bay State Abrasive Products Company (Bay State) in the United States District Court of Maryland. The settlement was made after the Maryland District Court had granted a motion to dismiss as to Bay State and had overruled such a motion as to Reed pursuant to an opinion reported in Johns v. Bay State Abrasive Products Co., D.C., 89 F. Supp. 654.

In the Maryland suit Johns sought to recover the sum of $100,000.00 in damages from Reed and Bay State for injuries which he received when an abrasive wheel manufactured by Bay State (a company in no way connected with Reed) disintegrated

and flew apart while such wheel was being used by Johns on a pneumatic grinding machine manufactured by Reed. The declaration of Johns in the Maryland suit charged Reed and Bay State with several different acts of negligence including a charge that a salesman of Reed's in the course of his employment negligently represented to Johns and to Johns' employer, Patterson, that the Bay State abrasive wheel was fit for use upon Reed's grinding machine and was not dangerous to use, when as a matter of fact such wheel was dangerous and not safe to use on Reed's machine. Johns' declaration alleges that his employer, Patterson, "relying upon these representations * * * ordered through a local distributor of the Bay State Abrasive Products Company several of these wheels." One of the grounds of negligence charged against Reed by Johns was

"* * * in the representations of its agent, servant and employee that the entire unit, including the wheel model A-24 J 16 F was safe to use for the purpose that it was being used at the time of the accident when as a matter of fact, the machine and its component parts were not safe for said purpose."

On this appeal Reed contends that by reason of such allegations of negligence the Insurance Company became bound and obligated under the terms of the insurance policy issued to Reed to defend Reed in the Maryland suit and to pay any damages recovered or paid in a good faith settlement within the policy limits.

We quote in the footnote [1] the parts of the insurance policy most pertinent to the question presented for decision. Of the five hazards that could have been covered to-wit, (1) Premises—Operations (2) Elevators (3) Independent Contractors (4) Products and (5) Contractual, only (1) Premises—Operations was covered, that being the only one for which a premium charge was paid.

On the motion of the Insurance Company to dismiss the complaint on the ground that it fails to state a claim upon which relief could be granted, the District Court wrote an opinion in which it concluded that, "* * * the negligence charged with respect to the shattering of the abrasive wheel and the injury of Johns is not covered by the hazard insured against, i. e., 'Premises—Operations', but perhaps by the hazard 'Products', which is not insured against."

1. "Pacific Employer Insurance Company
    A California Corporation
    (Herein Called the Company)
"Does Hereby Agree with the assured, named in the declarations made a part hereof, in consideration of the premium and of the statements contained in the declarations and subject to the limits of liability and other terms of this policy:
    "Insuring Agreements
"1. Coverage A—Bodily Injury Liability. To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined.
    *    *    *    *
    "Definition of Hazards
"Division 1. Premises—Operations. The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or

incidental thereto.
    *    *    *    *    *
"Division 4. Products. The handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the named assured, if the accident occurs after the assured has relinquished possession thereof to others and away from premises owned, rented or controlled by the assured; and operations covered under divisions 1 and 3 of the Definition of Hazards, other than pick-up and delivery and the existence of tools, uninstalled equipment and abandoned or unused materials, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from such premises.
    *    *    *    *    *
    "Exclusions
"This policy does not apply:
    *    *    *    *    *
"(d) under divisions 1 and 3 of the Definition of Hazards, (1) to liability with respect to which insurance is or can be afforded under division 4 of the Definition of Hazards, * * *"

"And the negligence charged with respect to the statements made by Reed's Agent about such machine are not covered by the Hazard insured against, i e., 'Premises—Operations', when the definition thereof is read in the light of the above quoted Paragraph (d) from 'Exclusions.'"

 The question for decision is whether the "Premises—Operations" hazard insured against or the "Products" hazard not insured against would have afforded insurance for the liability of Reed upon the allegations in Johns' declaration.

The language used in the definition of the "Premises—Operations" hazard has been construed to mean that it covers all operations whether on the premises or elsewhere which are necessary or incidental to the declared use of the premises. Lloyds Casualty Insurer v. McCrary, Tex., 229 S.W.2d 605, Hardware Mutual Casualty Company v. Schantz, 5 Cir., 186 F. 868. We think that the District Court was in error in concluding that the negligence charged against Reed was with respect to one of its products and, as we read Johns' declaration, the negligence charged against Reed was with respect to the acts and representations of Reed's agent and salesman regarding the product of another, Bay State, when used on Reed's machine. It seems to us that that negligence was within the "Premises—Operations" hazard unless excluded therefrom by paragraph (d) of the "Exclusions".

The appellee argues with much force that the representations of Reed's salesman were "completed" when made and, that the accident occurring thereafter, such representations and Reed's liability therefor could have been insured under the second clause of the "Products" hazard, and hence under Exclusion (d) were excluded from the "Premises—Operations" hazard; that completed operations are excluded from the "Premises—Operations" coverage under the policy. Considering the alleged representations of Reed's Agent to be "operations" were they operations which had been completed before the accident occurred such as would come within the coverage under "Products" and be excluded from the coverage under "Premises—Operations"? To

answer in the affirmative would result in relieving the Insurance Company from any liability for negligent representations of the agents or salesmen of the insured because, of course, no person could be injured as a result of acting upon a negligent representation until after the representation had been made to him. We hold that an operation consisting of a negligent representation made for the purpose of or reasonably calculated to induce action is not completed until the person to whom the representation is made acts in reliance upon that representation. The result follows that the plaintiff's complaint states a claim upon which relief can be granted, and that the judgment of the District Court dismissing said complaint is reversed and the cause remanded for trial.

Reversed and remanded.