SPITZ, Appellant, v. CONTINENTAL CASUALTY COMPANY, Respondent.

*No. 11.   Argued October 3, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 1.)

440

For the appellant there were briefs and oral argument by *Aaron L. Tilton,* attorney, and *Theodore S. Fins* of counsel, both of Milwaukee.

For the respondent there was a brief by *Frisch, Dudek, Banholzer & Slattery,* attorneys, and *Edward A. Dudek* and *C. Michael Hausman* of counsel, all of Milwaukee, and oral argument by *Edward A. Dudek.*

ROBERT W. HANSEN, J.   While a number of questions are raised and issues argued on this appeal, we see only two questions: (1) Was the doctor eligible to coverage under the group disability policy offered members of the American Medical Association? (2) Was this question determinable by the trial court on a motion for summary judgment?

The plaintiff is a medical doctor and member of the American Medical Association. On August 8, 1962, he made written application for coverage under the group policy offered by defendant to "eligible members" of the American Medical Association. A certificate indicating

coverage was issued to him on September 1, 1962. This policy was available only to "eligible members" of the AMA,[1] with the qualifying term, "eligible member" defined as follows:

" 'Eligible Member' wherever used in the policy means a member who is not a full-time member of the armed services of any country, who is not retired and who is actively performing the full-time duties of his occupation. Provided that a Member who is temporarily unemployed or temporarily absent from the full-time duties of his occupation for reasons other than sickness or injury shall nevertheless be deemed to be actively performing the full-time duties of his occupation."

Was the plaintiff an "eligible member" of the AMA under this definition? To be such, it is clear that he would have to be on the date of his application for coverage:

(1) Actively performing the full-time duties of his occupation; or

(2) If temporarily unemployed or temporarily absent from his occupation, that such absence be for reasons other than sickness or injury.

Appellant contends that the incontestability clause in the insurance policy[2] precludes the insurance carrier

---

[1] The policy, in pertinent part, providing: "Continental Casualty Company . . . Having issued Group Policy No. 52–A–0218, insuring Members of the American Medical Association . . . Hereby Certifies that the Member to whom this Certificate is issued . . . is insured . . . provided the Member is actively performing the full time duties of his occupation as defined herein on such date . . ."

[2] The policy contains the following clause: "The application of the Holder, if any, and the individual applications, if any, of the Insureds shall be deemed to be part of the policy, and any statement made by any Insured shall, in the absence of fraud, be deemed a representation and not a warranty. No such statement shall avoid the insurance or reduce the benefits under the policy or be used in defense to a claim hereunder unless it is contained in a written application, nor shall any such statement of any Insured eligible for coverage under the policy, except a fraudulent

from contesting the right of the doctor to recovery under the policy. However, the incontestability clause by its terms applies only to statements of insured who are "eligible for coverage under the policy." The requirement of eligibility is the threshold that must be crossed before we reach the question of representations, misrepresentations or possible fraud.[3] In a group policy one's status as an eligible member of the group is the exact basis on which the company offers the policy. One must come within the definition of a member of the group to qualify for coverage. While a misrepresentation as to eligibility for coverage might also increase the risk or contribute to the loss, it is under a group policy something more than a mere statement relating to insurability. It is a certification to status as one eligible to coverage as a member of the group involved.

On the question of appellant's eligibility, the affidavits and supporting documents offered by defendant insurance company, uncontroverted at the hearing on the motion in the trial court, establish that at the time the appellant made his application for the group policy with the respondent he was receiving insurance benefits from the Mutual of Omaha Company for loss of time from his full-time duties of his occupation due to sickness and total disability therefrom. The appellant was on "sick leave" from May 4, 1962, through July 10, 1962; on "annual leave" from July 10, 1962, through September

misstatement, be used at all in defense to a claim for loss incurred or disability commencing after the insurance coverage with respect to which claim is made has been in effect for three years from the date it became effective."

[3] The trial court considered, we would think incorrectly, that this case fell within sec. 209.06 (1), Stats., providing: "No oral or written statement, representation or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss."

4, 1962; and on "leave without pay" from September 4, 1962, through December 4, 1962. The appellant, during this period from May 4, 1962, through December 4, 1962, was under the care and treatment of a physician for his illness, multiple sclerosis, and totally disabled. (It was on August 8, 1962, that appellant submitted his application to the respondent for coverage under the provisions of the group policy here involved.) The Mutual of Omaha, upon the interim reports submitted by appellant himself, together with those reports submitted by the appellant's employer and his treating physician, paid to the appellant benefits by reason of loss of time caused by his sickness. Such evidentiary materials submitted in support of defendant's motion for summary judgment appear to constitute an admission by plaintiff that he was totally disabled, unable to work by reason of sickness, for a period of time commencing May 4, 1962, to December 4, 1962, including the date on which he applied for the Continental Casualty Company group policy. Actually, he submitted eight specific policy reports to confirm his disability to entitle him to loss of income benfits due to such sickness. One such report, dated August 10, 1962, confirms that appellant was not only absent from his occupation at the Veterans Administration, but totally disabled from performing his full-time duties as a doctor. An accompanying supplemental report of the treating physician of the plaintiff, dated August 9, 1962, in response to the question whether the patient was continuously totally disabled (unable to work) include the certification by the treating physician that he was so disabled "From 5/4/62 through present." Respondent contends that the appellant's own admissions to the Mutual of Omaha establish that he was in fact sick and totally disabled at the time of filing his application with respondent and therefore unable to qualify as an "eligible member." Since eligibility is a condition precedent to receiving benefits under the policy, it is difficult to

quarrel with the conclusion that respondent convincingly established a prima facie case for summary judgment in the trial court.

Nonetheless, there remains the question as to whether the issue raised was properly decided on motion for summary judgment before and without trial as to the merits. Here both the inquiry and the burden shift to determine whether the appellant through evidentiary proofs has created a triable issue of fact. Here the question is much closer and the remainder of this decision represents the thinking of an overwhelming majority of this court but is not unanimous. The lack of enthusiasm of the minority for the result reached does not take the form of dissent because of the transparent unlikelihood of the appellant prevailing at trial on the merits. He would have to demolish, or at least explain away the whole series of reports and representations to Mutual of Omaha to establish his eligibility for coverage. Those, like the writer of this opinion, who would give him the day in court to try see almost no chance for him to surmount the obstacles he has strewn in his path.

Plaintiff submitted a counteraffidavit by William Polland, an attorney for the Veterans Administration, to the effect that civil service employees are entitled to "annual leave" as a matter of right and that annual leave is the equivalent of active employment. The affidavit further states that on or about August 8, 1962, and for periods prior and subsequent thereto, plaintiff was engaged in research on multiple sclerosis, the disease with which he was afflicted. Plaintiff also submitted an affidavit in which he stated that on or about August 8, 1962, he was engaged in research on multiple sclerosis and that "this research was one branch of my active medical practice." It is the appellant's position that "annual leave" must be interpreted to mean "fully employed with pay" and that during the period of time from May 4, 1962 through December 4, 1962, he was engaged in a research project,

the research consisting of reading everything medical on the subject and corresponding with individuals around the world. Are such facts, as set forth in appellant's affidavits to the trial court, sufficient to create an arguable issue of fact? To put the same question differently, is such offer of proof sufficient challenge to the appellant's own admissions, supported by his treating physician, that he was sick and totally disabled and unable to perform the full-time duties of his occupation for the period of May 4, 1962 through December 4, 1962? Respondent submits that the counteraffidavits fall short of raising a substantial issue that necessitates a trial in the circuit court.

The general rule as to the granting of motion for summary judgment in this situation is set forth in *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 659, 155 N. W. 2d 659, as follows:

" 'If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion.' "

Placing the evidentiary facts contained in the affidavits and reports annexed thereto, as submitted by defendant, side by side with the evidentiary facts, as contained in plaintiff's counteraffidavits, the majority of this court feels that only one inference may be reasonably drawn and only one conclusion could possibly be reached, to wit: that the plaintiff was sick and disabled and not actively performing the full-time duties of his occupation when he represented himself to be eligible for coverage and applied for coverage under the group health policy of the defendant.

Appellant raises other issues, all of which share the disability of not having been raised in the trial court. One, asserting a constitutional right to a transcript of proceedings, appears based on a failure of communication

with the court reporter involved, and was abandoned at the time of oral argument. Another, claiming an insufficiency of affidavits submitted by respondent, is raised for the first time on appeal and properly challenged by respondent's counsel as not timely. A third relates to an asserted lack of attestation for the out-of-state notary, an exception that could have been properly raised upon motion at the trial court level. It was not. Appellant had the opportunity to set forth such objections to the trial court at the hearing on the motion, or in the form of a motion to review the judgment before the trial court. Not being properly raised upon motion at the trial court level, they cannot be raised on appeal for the first time.

*By the Court.*—Judgment dismissing plaintiff's complaint and granting judgment on defendant's counterclaim affirmed.