UNITED FARM AGENCY, INC., Appellant, v. NIEMUTH and another, Respondents.

*No. 210. Argued April 2, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 328.)

1

2

For the appellant there was a brief and oral argument by *Larry W. Rader* of Wausau.

For the respondents there was a brief and oral argument by *Gene G. Krug* of Medford.

HEFFERNAN, J. We affirm the order of the circuit court. The remedy of summary judgment is provided by sec. 270.635, Stats. That statute reads in pertinent part:

"270.635 **Summary judgments.** (1) Summary judgment may be entered as provided in this section in any civil action or special proceeding. Notice of motion for summary judgment and the papers in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45.

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial.

"(3) Upon motion by a defendant, if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor.

" . . .

"(6) When an answer alleges a defense which is prima facie established by documents or public records, judgment may be entered for the defendant unless the plaintiff shows facts sufficient to raise an issue with respect to the verity or conclusiveness of such documents or records."

In *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 338, 339, 166 N. W. 2d 191, this court said the summary judgment statute:

". . . vests discretion in the trial court as to whether the case should be tried. It follows that an order denying a motion for summary judgment will not be reversed until it appears that the trial court has abused its legal discretion or has not exercised it."

In *McConnell v. L.C.L. Transit Co.* (1969), 42 Wis. 2d 429, 435, 167 N. W. 2d 226, this court stated that a trial court will not be said to have abused its discretion in denying a motion for summary judgment, "unless it either incorrectly decides a legal issue or it declines to decide a legal issue which is capable of resolution in a factual vacuum." In *Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 452, 162 N. W. 2d 129, this court held that:

"If the party opposing the motion for summary judgment submits sufficient facts which show there is a real controversy and takes the matter challenged by the motion out of the category of being a sham and unmeritorious suit or defense, that party is normally entitled to a trial on the merits." *See also: Wozniak v. Local 1111 of UE* (1970), 45 Wis. 2d 588, 592, 173 N. W. 2d 596, citing *Schuster* with approval.

In *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 162 N. W. 2d 626, we said:

"A trial court need not decide a question of law on a motion for summary judgment . . . even though no conflict of material facts exists. There is no absolute right to summary judgment."

The trial judge relied upon *Zimmer v. Daun, supra,* in denying the plaintiff's motion. In that case, this court stated, at page 631:

"Because of the importance of the construction as a precedent, a determination of all the facts material to the construction is needed, and we are not convinced the affidavits set forth all the relevant facts which should be considered."

The trial judge, relying upon the *Zimmer Case,* reasoned:

"So it is here. There are no great material differences between the factual allegations of the parties; and there is thus presented to us only the question of law heretofore recited. There are no Wisconsin precedents to aid

us in the solution of the problem. Thus we must depend on the relevancy and weight to be given to the decisions of other state and federal courts. Because of the importance as a precedent of the ultimate ruling by our Supreme Court we do not believe that the legal issue before us should be decided upon affidavits."

It is thus apparent that Judge CHARLES concluded that, even though no factual dispute emerged from his analysis of the affidavits, nevertheless he was not convinced that all relevant facts had been set forth. His memorandum opinion does not reveal exactly what facts he felt should be supplied, but a reading of the record indicates that considerable question exists in respect to Vernon's bargaining power and his ability to enter into an arm's-length transaction with his mother in view of the threatened foreclosure. This court has not decided whether the type of listing contract involved herein entitles a broker to a commission when the vendee under a land contract reconveys the property to the vendor for considerably less than the sales price anticipated in the listing contract under circumstances where the vendee alleges that he was unable to make the payments and was coerced into entering the transaction satisfying the land contract. As we stated in *Wozniak v. Local 1111 of UE, supra,* there is no absolute right to summary judgment. It is within the discretion of the trial judge to deny the motion. Certainly, under the summary judgment statutes, where the trial judge expresses, as he did herein, that he was not convinced that all relevant facts were set forth, the movant is not entitled to judgment as a matter of right. Where a decision on a point of law not previously decided in this state is at issue, the trial judge has the discretion to make that decision only after he is satisfied that all relevant facts have been placed in evidence. While certain legal issues present themselves even on the incomplete facts as revealed by the affidavits, we conclude that this court should defer any prejudgment

of the legal issues until such time as all facts considered relevant by the trial court have been presented. Under these circumstances, we conclude that the parties are not entitled to a determination of the law at this stage of the proceedings.

*By the Court.*—Order affirmed.