JONES, Plaintiff-Respondent, V. SEARS ROEBUCK & COM-PANY, and others, Defendants and Third-Party Plaintiffs-Respondents: MALSACK & SONS AUTO SALVAGE, Third-Party Defendant-Respondent: WESTERN CASUALTY & SURETY COMPANY, Third-Party Defendant-Appellant.

*No. 75–629. Submitted on briefs October 5, 1977.—Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 70.)

324

For the appellant the cause was submitted on the brief of *S. Michael Wilk* and *Heide, Sheldon, Hartley, Thom & Wilk* of Kenosha.

For respondents Sears Roebuck & Co., Globe-Union, Inc., and Employers Insurance of Wausau, the cause was submitted on the brief of *Foley & Capwell, S. C.* of Racine.

HANLEY, J. The issue in the case involves liability coverage under an insurance policy. The question to be determined is whether the trial court committed error in denying Western's motion for summary judgment.

Summary judgment is frequently used by defendant insurers to raise the question of whether the policy issued to the insured covers the injuries, damages or liabilities alleged. *Garriguenc v. Love*, 67 Wis.2d 130, 133, 226 N.W.2d 414 (1975). Under sec. 270.635, Stats. (1973), the trial court has discretion to grant or deny summary judgment, and its determination will not be reversed on appeal unless it is clear the trial court has abused this discretion. *United Farm Agency, Inc. v. Niemuth*, 47 Wis.2d 1, 5, 176 N.W.2d 328 (1970). To decide a motion for summary judgment, a trial court must generally determine whether all material facts are present, whether material facts are in dispute and whether reasonable inferences leading to conflicting results can be drawn from undisputed facts. *Federal Deposit Insurance Corp. v. First Mortgage Investors*, 76 Wis.2d 151, 154–55, 250 N.W.2d 362 (1976).

In the instant case, the plaintiff's complaint alleges that on February 2, 1974, the plaintiff drove his automobile to a gas station, and that while he was using a lighted match to determine if the battery contained sufficient water, it exploded. The complaint further alleged that the defendants had been negligent in designing, manufacturing and distributing an unreasonably dangerous battery, and had been negligent in failing to adequately warn of the battery's dangerous propensities. Sears, Globe and Employers answered denying these allegations and, as an affirmative defense, alleged that the plaintiff was negligent in the manner in which he inspected the battery.

In its third-party complaint, Sears, Globe and Employers alleged that the battery in question was pur-

chased by the plaintiff from Malsack; that Malsack sold the battery without the warning tag which was attached to it at the time of sale by Sears; that Malsack installed the battery in the plaintiff's automobile in a negligent manner; that Malsack was negligent in selling the battery without warning of the battery's dangerous propensities, and that Western, by reason of a liability insurance policy issued by it to Malsack, was liable for contribution and indemnity. Western answered denying liability and, as its affirmative defense, alleged that the injuries pleaded were not covered by the policy. Western thereupon sought a determination of the issue of lack of coverage by motion for summary judgment and submitted, by affidavit, a copy of the policy.

Western's first contention is that the trial court erred in not granting its motion for summary judgment because no other party filed counter-affidavits. Western cites *Fox v. Wand*, 50 Wis.2d 241, 184 N.W.2d 81 (1971), for the proposition that on a motion for summary judgment, when the moving party submits by affidavit documentary material which is not controverted by competing affidavits, the motion should be granted. This is only partially correct. While it is true that evidentiary matters in affidavits accompanying such a motion are deemed uncontroverted when competing evidentiary facts are not set forth in counter-affidavits (*Leszczynski v. Surges*, 30 Wis.2d 534, 539, 141 N.W.2d 261 (1966)), and that in general the burden shifts to the plaintiff to produce evidentiary facts creating a triable issue of fact (*Spitz v. Continental Can Co.*, 40 Wis.2d 439, 445–46, 162 N.W.2d 1 (1968)), the failure of the opponent to submit counter-affidavits does not, of itself, entitle the movant to summary judgment. The movant must by evidentiary facts establish a prima facie defense sufficient to defeat the plaintiff. *Marshall v. Miles*, 54

Wis.2d 155, 160–61, 194 N.W.2d 630 (1972); sec. 270.-635, Stats. (1973). If the movant's affidavits do not contain sufficient material evidentiary facts, or if uncontroverted evidentiary facts give rise to conflicting inferences, a prima facie case for summary judgment has not been established. *Walter Kassuba, Inc. v. Bauch,* 38 Wis.2d 648, 655–56, 158 N.W.2d 387 (1968).

Western next argues that it has made a prima facie case for summary judgment, that there were no disputed material facts nor conflicting inferences and that only a question of law—the extent of the policy's coverage—remained. Generally, the construction of words and clauses in an insurance policy is a question of law which is properly decided on a motion for summary judgment. *Garriguenc v. Love, supra* at 132. The trial court denied Western's motion because it believed that there was an unsettled rule of law applicable to this action and that, as a consequence, a question of fact as to the existence of implied warranties was present.

The rule of law with which the trial court was concerned was set forth in *Reed Roller Bit v. Pacific Employers Insurance Co.,* 198 F.2d 1 (5th Cir. 1952). In that case, the Fifth Circuit Court of Appeals construed the term "operations" as used in a liability policy's exclusionary language to include negligent operations made for the purpose of inducing action (in that case, the purchase of machinery) which could not be completed until the person to whom those representations were made acted in reliance on them. This court has heretofore not construed a contract provision of this type in such a manner. It is apparent, however, that if this construction is applied to the policy in the instant case, a material disputed issue of fact concerning the existence and nature of warranties and representations would arise which would constitute grounds for denying the

motion for summary judgment. *Federal Deposit Insurance Corp. v. First Mortgage Investors, supra* at 154–55. However, to determine whether this construction is appropriate in the instant case, the insurance contract must be examined.

The policy in question provides that Western will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage for which coverage is afforded. It further sets forth:

"Exclusions
"This policy does not apply:
"*. . .*
"(m) to *bodily injury* or *property damage* included within the *completed operations hazard* or the *products hazard . . .* ;" (emphasis in original).

"Completed operations hazard" is defined by the policy which, in pertinent part, states:

"'*completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured.* 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

"(1) When all operations to be performed by or on behalf of the named insured under the contract have been completed.
"*. . .*
"*Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.*" (Emphasis supplied).

"Products hazard" is defined by the policy as follows:

" 'products hazard' includes bodily injury and property damage arising out of the named insured's products *or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others.*" (Emphasis supplied).

The respondents, relying on *Reed Roller Bit Co. v. Pacific Employers Insurance Co., supra,* argue that the alleged representations and warranties as to the battery's safety and fitness extended Malsack's sale and installation operation beyond the actual transaction to a time when the person to whom the representations were made acted in reliance thereon.

However, in *Garriguenc v. Love, supra* at 134–35, this court stated:

"Contracts of insurance are controlled by the same principles of law that are applicable to other contracts. A policy of insurance like any other contract is to be construed so as to give effect to the intention of the parties. In the case of an insurance contract, the words are to be construed in accordance with the principle that the test is not what the insurer intended the words to mean but what a reasonable person in the position of an insured would have understood the words to mean. Whatever ambiguity exists in a contract of insurance is resolved in favor of the insured. This is a restatement of the general rule that ambiguous contracts are to be construed most strongly against the maker or drafter. Words or phrases in a contract are ambiguous when they are reasonably or fairly susceptible to more than one construction. However, when the terms of a policy are plain on their face, the policy should not be rewritten by construction to bind the insurer to a risk it was unwilling to cover, and for which it was not paid. Litigants should not be able to resort to rules of construction for the purpose of modifying the contract or creating a new contract; and a court need not resort to either

construction or case law to bolster its recognition of that plain meaning."

Therefore, to construe the language of this policy in the manner proposed by the respondents, this court must initially determine that the exclusionary language is ambiguous.

We think the contract of insurance is not ambiguous. The contract explicitly denies coverage for bodily injuries arising out of reliance upon representations or warranties made at any time with respect to the insured's products when the injury occurs away from the insured's premises and after the possession of the product has been released. Likewise, bodily injuries arising out of reliance upon representations or warranties made with respect to the insured's operations are clearly excluded from coverage when all operations have been performed by the insured and when the injury occurs away from the insured's premises. Here, the parties do not dispute the fact that the incident occurred off Malsack's premises and after possession of the battery had been given Jones.

Therefore, even assuming that implied warranties were made with respect to the safety of the battery, this particular insurance policy provides no coverage for Malsack's liability to another for injuries arising from reliance on them when the possession of the product— here the battery—had been given to the plaintiff, and once the operation of sale had been completed. That the "operation" was not intended to be extended by warranties or representations is made clear by the language of the "completed operations hazard" definition which provided that "operations which may require . . . correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed." Consequently, the factual question

as to whether warranties were made when Malsack sold the battery to the plaintiff is not material and should not be considered grounds for denying Western's motion for summary judgment.

Since the provisions of the insurance policy are not ambiguous, the rule of *Reed Roller Bit* need not be discussed. To apply the rule of that case to this policy would constitute contract interpretation, and as this court stated in *Limpert v. Smith,* 56 Wis.2d 632, 644, 203 N.W.2d 29 (1973), parties "should not be able to resort to the rules of construction for the purpose of modifying the contract or creating a new contract to provide coverage when the policy's provisions are clear and unambiguous." This court will not, through contract construction of one exclusion, find coverage of injuries which are unambiguously excluded by another. Since the rule of *Reed Roller Bit* is not applicable to this policy, there is no unsettled issue of law on which to predicate a denial of Western's motion.

While this court has frequently held that a party does not have a right to summary judgment (*Howard v. State Farm Mutual Automobile Insurance Co.,* 60 Wis.2d 224, 228, 208 N. W.2d 442 (1973)) and that orders denying motions for summary judgment may be subject to summary affirmance if appealed (*American Orthodontics Corp. v. G & H Insurance Agency, Inc.,* 77 Wis.2d 337, 343, 253 N.W.2d 82 (1977)), this is a situation in which only a question of law capable of resolution in a factual vacuum is present. We therefore conclude that the trial court abused its discretion in denying Western's motion for summary judgment and dismissal of the third-party's complaint as to it.

*By the Court.*—Order reversed with directions to dismiss the third-party's complaint against Western.

ABRAHAMSON, J. *(dissenting)*. I would affirm the trial court's order denying the motions for summary judgment for the reasons set forth in *American Orthodontics Corp. v. G & H Insurance Agency, Inc.*, 77 Wis. 2d 337, 253 N.W.2d 82 (1977), and the cases cited therein. Especially relevant is our language in *United Farm Agency, Inc. v. Niemuth*, 47 Wis.2d 1, 7, 8, 176 N.W.2d 328 (1970):

". . . Where a decision on a point of law not previously decided in this state is at issue, the trial judge has the discretion to make that decision only after he is satisfied that all relevant facts have been placed in evidence. While certain legal issues present themselves even on the incomplete facts as revealed by the affidavits, we conclude that this court should defer any prejudgment of the legal issues until such time as all facts considered relevant by the trial court have been presented. Under these circumstances, we conclude that the parties are not entitled to a determination of the law at this stage of the proceedings."