**Leo LaBONTE, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE IN-
SURANCE COMPANY, a foreign
corporation, Defendant.**

**No. 87–C–0199.**

United States District Court,
E.D. Wisconsin.

Sept. 7, 1989.

Daniel W. Stevens, Esser, Dietrich & Stevens, Menomonee Falls, Wis., for plaintiff.

Eric G. Serron, Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

Before the Court are defendant's Motions in Limine: (1) for judgment dismissing the complaint on the ground that plaintiff is not eligible for coverage under the group policy; (2) to exclude under F.R. Evid. 402 evidence of premium payments made after Connecticut General learned of plaintiff's ineligibility for coverage; (3) to exclude under F.R.Evid. 402, 702, and 704 the testimony of plaintiff's bad faith expert; (4) to exclude under F.R.Evid. 402 evidence concerning the cost of Nadine LaBonte's past or future care for the purpose of proving damages; (5) to exclude under F.R.Evid. Rule 802 testimony about other nonemployees obtaining health insurance through the group policy issued by Connecticut to LDH, Inc.; and (6) to exclude under F.R.Evid. 802 any references by plaintiff to appraisals of his Milwaukee home.

## I. BACKGROUND

LaBonte, a resident of Crandon, Wisconsin, enrolled for group insurance policy coverage with Connecticut General on October 16, 1981, as a supposed employee of Pompano Manufacturing, Inc. Connecticut General had issued a "Group Medical Expense Insurance Policy" to Pompano Manufacturing in March 1980. In 1983, Pompano changed its name to LaBonte Precision and again in 1985 to the present LDH, Inc. The company is owned by a relative of the plaintiff.

The insurance policy in question was issued for the benefit of eligible employees of affiliated employers and the dependents of the employees. Under the plan, employees submit medical claims to the insurer for payment. In 1984, LaBonte submitted a claim relating to the treatment of his daughter, Nadine. She was born July 4, 1984, and within the next 11 months showed evidence of cerebral palsy. As a result, Nadine received physical, occupa-

tional, and speech therapy, in addition to other treatment for which the plaintiff sought and received payment from Connecticut General. On January 23, 1986, Connecticut General formally denied payment for the physical, occupational, and speech therapy of Nadine. Payment was also denied after two further reviews. LaBonte filed suit in Milwaukee County Circuit Court on January 6, 1987, against Connecticut General, alleging claims for breach of contract and bad faith, and seeking $600,000 in damages. The action was removed to this Court on February 19, 1987.

In a *Decision and Order* of August 2, 1988, this Court denied Connecticut General's motions for summary judgment and for this Court to recuse itself, denied LaBonte's motion for a jury trial, and granted Connecticut General's motion for leave to file an amended answer. In a *Decision and Order* of December 15, 1988, upon motions for reconsideration from both parties, this Court denied Connecticut General's motion to reconsider the denial of summary judgment, and granted LaBonte's motion to reconsider and granted him a jury trial.

## II. MOTION OF DISMISSAL ON GROUNDS OF INELIGIBILITY

Defendant avers that this complaint should be dismissed according to *Spitz v. Continental Casualty Co.*, 40 Wis.2d 439, 162 N.W.2d 1 (1968). In *Spitz*, a doctor brought suit against an insurer to recover benefits allegedly due under a group disability policy. The group policy offered coverage to "eligible members" of the AMA, and defined "eligible member" as one who was "actively performing the full-time duties of his occupation." The plaintiff had applied for and received a certificate of coverage under the group policy while he was disabled with multiple sclerosis. Because the undisputed affidavits showed that the plaintiff was not actively performing the full-time duties of his occupation when he applied for coverage under the group policy, the Supreme Court of Wisconsin affirmed the summary judgment entered against him.

The defendant argues that because *Spitz* holds the statutory provisions of fraud or materiality are not reached until after membership in the covered group is established, and because plaintiff admits that he is not a member of the covered group, plaintiff's claims should be dismissed. Moreover, the defendant argues that Wis. Stat. § 631.11(2) does not apply where the misrepresentation is about the plaintiff's status as a member of the group covered by a group insurance policy, and that Wis. Stat. § 631.11(3) is inapplicable because eligibility under a group policy is not a "condition" or a "promissory warranty" as the statute uses those terms, since those terms refer to future acts or events, and not to past or existing facts. Thus, the defendant argues that the misrepresentation issue should not be reached, and that plaintiff's claims should be dismissed because he is not a member of the group covered by the policy.

The plaintiff responds, citing the Committee Comments to § 631.11, that the legislature specifically drafted the new § 631.11 to require that before a condition affects an insurance company's liability, it must increase the risk or contribute to the loss, and thus that unless the defendant can show that because the plaintiff was not an employee, Connecticut General had an increased risk, the condition is of no consequence.

The defendant replies that § 631.11(3) does not overrule *Spitz*, and that § 631.11(3) deals only with occurrences after the formation of a valid contract to insure. The defendant reasons that because misrepresenting membership in the covered group is not a "failure of condition" or "breach of promissory warranty" as referred to in the statute, § 631.11(3) only deals with events after the contract was formed, with *Spitz* controlling misrepresentations that occur before the contract was formed. The defendant argues further that "policy" as defined in § 631.11(3) does not apply where the case involves a misrepresentation about eligibility for coverage by a group insurance plan. Defendant thus reasons that "policy" refers to the group insurance policy issued to LDH,

Inc., and not the certificate of coverage issued to the plaintiff and covered employees. This Court finds both of these arguments persuasive.

This Court judged Connecticut General not to be entitled to summary judgment on the basis of LaBonte's misrepresentation that he was an employee of LDH. LaBonte admits that he made the misrepresentation, but denies that it was material, and contends that Connecticut General is estopped to raise the issue on the basis of the past conduct of LaBonte receiving benefits since 1981 and LaBonte's detrimental reliance on the belief that he was properly insured. Because under Wisconsin insurance law an insurer must show materiality to avoid coverage because of misrepresentation, and misrepresentation is a question of fact that must be presented to a jury, this Court denied Connecticut General's summary judgment motion. Connecticut General in effect petitions this Court to rescind this decision and dismiss this action on the ground that the *Spitz* case controls, such that statutory provisions of fraud or materiality are not reached until after membership in the covered group is established. Because plaintiff admits that he is not a member, defendant asks this Court to dismiss plaintiff's claims.

The issue before the Court is whether as a matter of law the question of eligibility must be decided before the breach of contract and bad faith arguments can be made. Examining the relevant case law, this Court finds a split regarding whether an incontestability clause in a group insurance policy, or in an individual certificate of insurance issued under such a policy, prevents the insurer from raising the defense that a claimant was not covered by the policy because of a misrepresentation as to the employer-employee relationship. The *Spitz* case is one of the decisions which has held that where an insurer defends a claim denial under a group policy on the basis of the insured's ineligibility to participate in the policy, the decisive issue is whether the alleged insured is eligible for coverage. Thus, under *Spitz* and decisions consonant with it, the insurer may challenge the eligi-

bility of the insured as a threshold issue, before the misrepresentation issues are evaluated. *See Crawford v. Equitable Life Assurance Soc. of U.S.*, 56 Ill.2d 41, 305 N.E.2d 144 (1973); *Hedlund v. Monumental Gen. Ins. Co.*, 404 N.W.2d 371 (Minn.App.1987); *Jackson v. Continental Cas. Co.*, 402 So.2d 175 (La.App.1981); *General American Life Ins. Co. v. Charleville*, 471 S.W.2d 231 (Mo.1971). *But see Simpson v. Phoenix Mut. Life Ins. Co.*, 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655 (1969). *See generally* 26 A.L.R.3d 632 (1969). Before the rationales for these competing positions are examined, however, it is necessary to answer the threshold query of whether this group insurance policy has an incontestability clause.[1]

This Court is unaware of any incontestability clause in either the Connecticut General policy, or any mandate in Wisconsin insurance law that any policy of group insurance contain such a provision. *Cf. Crawford v. Equitable Life Assurance Soc. of U.S.*, 56 Ill.2d 41, 305 N.E.2d 144 (1973). Neither party has pleaded such a clause, nor argued the eligibility question on the plane of incontestability. This factor does not necessarily distinguish *Spitz*, however, as it only precludes plaintiff from arguing that the insurance carrier cannot contest the right of the plaintiff to recover under the policy. The *Spitz* reasoning as to eligibility thus retains its merit.

On the question of plaintiff's eligibility, it is clear that he has never been a covered employee, although he has continuously made premium payments and received benefits from 1981 through at least June of 1988. The issue is whether as a matter of law, this Court can conclude that because plaintiff is not an eligible employee, he is not entitled to any benefits, such that his bad faith and breach of contract arguments cannot even be reached.

Plaintiff by his own admission has from January 1, 1980, to the present been self-employed as the owner and sole proprietor of L.C.L. Heating and Air Conditioning. Mr. LaBonte has not worked for any other employer during that time. The medical plan requires that an individual be an employee of an affiliated company for him and his dependents to be eligible for coverage under the policy. *See* Exhibit E to Defendant's Memorandum in Support of Motion for Summary Judgment, p. 7; *see also* Affidavit of Leo LaBonte, filed June 15, 1988.

This Court is forced to conclude as a matter of law that the plaintiff has no viable way to recover from the defendant. Plaintiff at trial would have to prove that he passes the *Spitz* threshold of eligibility on estoppel grounds to illustrate that an insurance contract existed or that he is entitled to quasicontractual relief. Wis. Stat. § 631.11(2) or (3) will not aid plaintiff in doing so. The Wisconsin Supreme Court in *Spitz* pointed out the inapplicability of § 631.11(2)'s predecessor. The Court in *Spitz* spoke clearly on this issue:

> The requirement of eligibility is the threshold that must be crossed before we reach the question of representations, misrepresentations or possible fraud. In a group policy one's status as an eligible member of the group is the exact basis on which the company offers the policy. One must come within the definition of a member of the group to qualify for coverage. While a misrepresentation as to eligibility for coverage might also increase the risk or contribute to the loss, it is under a group policy something more than a mere statement relating to insurability. It is a certification to status as one eligible to coverage as a member of the group involved.

> *Spitz*, 40 Wis.2d at 443, 162 N.W.2d 1 (footnote omitted citing text of the predecessor statute to § 631.11(2), and stating that the trial court incorrectly considered that the case fell within that statute).

Further, § 631.11(3) would not apply either, as membership is not a condition or promissory warranty under the statute. *See* Defendant's Brief in Support of Motions in Limine pp. 4–6; Defendant's Reply Brief in Support of Motions in Limine pp. 1–4. Failure of condition, as explicated in Wisconsin Jury Instruction—Civil 3105, is described

---

**1.** *See, e.g., Spitz*, 40 Wis.2d at 442 n. 2, 162 N.W.2d 1.

as something that shall or shall not be done after the policy takes effect, not before, as is membership. Without § 631.11(2) or (3) on which to argue, plaintiff must make straightforward estoppel or waiver arguments as to his eligibility for benefits. Yet waiver and estoppel theories cannot be used to expand the coverage of a group policy to include ineligible persons. *Schuster v. Germantown Mutual Ins. Co.*, 40 Wis.2d 447, 162 N.W.2d 129 (1968). *See also Radoff v. North American Co. for Life and Health Insurance*, 358 So.2d 1138 (Fla.App.1978). Moreover, this Court ruled in its December 15, 1988 *Decision and Order* that these theories are not at issue because they were not pleaded.

Eligibility is a condition precedent to receiving benefits under the policy. Although viable estoppel and waiver arguments exist on the facts pleaded in this case, *Ryder v. State Farm Mutual Automobile Ins. Co.*, 51 Wis.2d 318, 187 N.W.2d 176 (1971), and *Nolden v. Mutual Benefit Life Ins. Co.*, 80 Wis.2d 353, 259 N.W.2d 75 (1977), as a matter of law this Court is precluded from receiving them. Indeed, this Court has already ruled that it will not receive them. Because the plaintiff cannot clear the eligibility hurdle on an estoppel or waiver basis or through § 631.11(2) or (3), the issues of whether Connecticut General acted in breach of contract or in bad faith as to Nadine or Leo LaBonte cannot be addressed.

Accordingly, this Court GRANTS the defendant's request to dismiss the suit under *Spitz*. This Court cannot accept arguments based on § 631.11(2) or (3) to clear the eligibility hurdle. The Wisconsin Supreme Court clearly ruled in *Spitz* that "[t]he requirement of eligibility is the threshold that must be crossed before we reach the question of representations, misrepresentations, or possible fraud." *Spitz*, 40 Wis.2d at 443, 162 N.W.2d 1. Thus, plaintiff's arguments as to breach of contract and bad faith are only viable to the extent that they can be based on a duty of the defendant to continue coverage. This duty must be established through an estoppel or waiver theory, not through § 631.11(2) or (3). The Wisconsin Supreme

Court in *Schuster* ruled that "a coverage clause ... could not be enlarged by waiver on the part of the insurance company or its agent." *Schuster*, 40 Wis.2d at 450, 162 N.W.2d 129. This Court will construe the motion in limine as a motion under F.R. Civ.P. 12(b)(6). It fails to reach the remainder of the defendant's motions in limine as moot. As such, this case is DISMISSED.

SO ORDERED.