**KEYSTONE SPRAY EQUIPMENT, INC., Clyde Kennedy, Appellee,**

v.

**REGIS INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 18, 2000.
Filed Jan. 16, 2001.

the Philadelphia County Common Pleas Court finding that Regis owed contractual duties to defend and indemnify its insured, Keystone Spray Equipment Company. The trial court so found despite provisions in the insurance policy excluding "products hazards" and "completed operations hazards" from coverage.

¶ 2 On April 27, 1989, the parties executed an insurance contract which provided that Keystone would pay a $6,750 annual premium, in return for which Regis would provide $300,000 of coverage per occurrence for "manufacturers' and contractors' " liability. The contract excluded from coverage injuries suffered as a result of "completed operations hazards" and "products hazards."

¶ 3 On May 3, 1989, Clyde Kennedy was injured when his hand became caught in a conveyor belt that Keystone had manufactured and installed at Kennedy's workplace. Subsequently, Kennedy brought a products liability action against Keystone, which submitted the complaint to its insurer, Regis, for defense and possible indemnification. However, on May 1, 1992, Regis declined to defend Keystone on the ground that Kennedy's injury fell within the "products hazard" and "completed operations hazard" exclusions, and thus was not covered by the insurance contract. Later, Keystone requested reconsideration of the claim, and Regis again denied coverage.

¶ 4 On July 2, 1996, Keystone and Kennedy entered a court-approved consent judgment pursuant to which Keystone admitted negligence and liability for Kennedy's injury. Subsequently, Keystone assigned its rights against Regis to Kennedy, and, on October 15, 1998, Keystone and Kennedy brought this suit against Regis, alleging breach of contract and bad faith.[1]

Harry G. Mahoney, Philadelphia, for appellant.

Jerry A. Lindheim, Philadelphia, for appellees.

BEFORE: McEWEN, President Judge, TODD and MONTEMURO *, JJ.

MONTEMURO, J.:

¶ 1 Regis Insurance Company appeals from a declaratory judgment entered in

---

* Retired Justice assigned to Superior Court.

1. Appellees originally filed this suit in the United States District Court for the Eastern District of Pennsylvania based on an Unfair Insurance Practices Act claim. However, the court dismissed the federal law claim and remanded the case to the Philadelphia Common Pleas Court for disposition of the remaining issues.

The parties made a joint motion for declaratory judgment on the issue of whether Regis had contractual duties to defend and indemnify Keystone.

¶ 5 The trial court found that the suit was based, among other theories, on negligent failure to warn about the danger of manipulating the conveyor belt during use, and stated that failure to warn constitutes not only a product defect in Pennsylvania, but also negligent conduct. The court then concluded that, "[b]ecause a failure to warn sounds in 'conduct,' the 'products' exclusion in the Regis insurance policy does not apply, and Regis had a duty to defend." (Trial Ct. Op. at 5). Based on this conclusion, the court issued a declaratory judgment that Regis had a duty to defend and indemnify Keystone, and this appeal followed.

¶ 6 Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. *Chambers v. Aetna Casualty and Surety Company*, 442 Pa.Super. 155, 658 A.2d 1346, 1347 (1995).

¶ 7 Following *Harford Mutual Insurance Company v. Moorhead*, 396 Pa.Super. 234, 578 A.2d 492 (1990), the trial court properly concluded that a failure to warn constitutes negligent conduct in Pennsylvania, making the "products" exclusion inapplicable. On appeal, Regis does not challenge that conclusion.[2] Rather, Regis correctly points out that *Harford* only involved a "products" exclusion provision, and, therefore, does not affect whether a "completed operations" exclusion prevents an insurer from incurring a duty to defend and indemnify. Therefore, the trial court should have considered the issue.

¶ 8 Regis argues that the "completed operations" provision absolved it of duties to defend and indemnify Keystone,

and that the trial court erred by failing to consider the impact of that provision. Thus, the sole issue presented by this appeal is whether a "completed operations" provision enables an insurer to avoid incurring duties to defend and indemnify an insured in a suit based on the theory of negligent failure to warn.

¶ 9 It is well established that an insurer need only defend an insured in a claim if the insurance contract provides coverage for a suit of that nature. *Gene's Restaurant v. Nationwide Insurance Company*, 519 Pa. 306, 548 A.2d 246, 246 (1988). To decide whether a duty to defend exists, the court must compare the allegations in the complaint with the provisions of the insurance contract and determine whether, if the complaint allegations are proven, the insurer would have a duty to indemnify the insured. *Id.*

¶ 10 In the instant case, the complaint alleged, *inter alia*, that Keystone negligently failed to warn Kennedy's employer of the danger of manipulating the conveyor belt during operation. Therefore, to determine whether Regis had a duty to defend Keystone in the suit, we must compare the negligent failure to warn allegation with the provisions of the insurance contract, including the "completed operations" exclusion.

¶ 11 The insurance contract between Keystone and Regis defines a "completed operations hazard" as follows:

> bodily injury … arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury … occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be

---

2. Under the insurance contract, "products hazard" includes, "bodily injury … arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the [injury] occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others." (Regis Insurance Company General Liability Policy).

deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed,

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principle as part of the same project.

Operations which may require further service or maintenance work, or correction, or repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

(Regis Insurance Company General Liability Policy). An injury resulting from a hazard that fits this description is excluded from coverage.

¶ 12 In *Friestad v. Travelers Indemnity Company*, 260 Pa.Super. 178, 393 A.2d 1212 (1978), we considered an identical provision after the insured negligently installed a furnace which later caused a fire that destroyed the home in which it was installed. We distinguished the "products" and "completed operations" exclusions by stating that the "principal thrust of completed operations is the insured's provision of a service, while the principal thrust of the products hazard is the insured's manufacture or sale of a product." *Id.* at 1213 n. 2. Since installation of the furnace by the insured was a service, we concluded that it was a completed operations hazard.[3]

¶ 13 Regis argues that, like the installation of the furnace in *Friestad*, installation of the conveyor belt by Keystone was a service, and that the installation service was completed when Keystone left the premises of Kennedy's employer. Regis argues further that Keystone's failure to warn Kennedy's employer about the danger of manipulating the moving conveyor belt was a part of the installation service; thus, the negligent failure to warn about the danger was a completed operation that was excluded from coverage by the "completed operations" provision.

¶ 14 Although we agree that installation of the conveyor belt was a service, that does not conclude our inquiry. The question remains whether the service was "completed" at the time of Kennedy's injury. In *Eastcoast Equipment Co. v. Maryland Casualty Co.*, 207 Pa.Super. 383, 218 A.2d 91 (1966), this Court held that negligent misrepresentation by an insured is not complete, for purposes of a "completed operations" exclusion, until reliance on such misrepresentation causes an injury. This is so even if the insured service provider has departed the premises and relinquished control to its customer, because no one can be injured by a negligent misrepresentation until it is tested by actual reliance. *Id.* at 96 (citing *Reed Roller Bit Co. v. Pacific Employers Insurance Co.*, 198 F.2d 1 (5th Cir.1952), *cert. denied*, 344 U.S. 920, 73 S.Ct. 386, 97 L.Ed. 709 (1953)). Moreover, the *Eastcoast* Court indicated, in dictum, that this rule applies equally to negligent misrepresentation and negligent failure to warn theories because the underlying policy is the same to prevent an insurer from refusing coverage for an injury caused by negligence at the time of installation simply because the injury cannot be discovered until after the installation is complete and the installed equipment is put into service. *Eastcoast, supra*

---

3. Because it was unclear whether the insured had rejected completed operations hazards coverage, we remanded for a hearing on the issue. This determination was pivotal because, if the parties had agreed that only products hazards would be excluded, then the contract covered the insured for negligently installing the furnace. *Friestad, supra* at 1218.

at 98 (rejecting contrary law in New Jersey). To hold otherwise would eviscerate the coverage because a failure to warn has no effect until the party to whom the warning was owed suffers an injury. *Id.* at 99. Thus, a "completed operations" exclusion does not absolve an insurer of its contractual duty to defend an insured in a negligent failure to warn claim when the lack of warning is the alleged cause of the injury.

¶ 15 In the instant case, Keystone admitted in its consent agreement with Kennedy that it had been negligent in failing to warn Kennedy's employer about the danger of manipulating the conveyor belt during operation. Kennedy was not injured until he manipulated the conveyor belt while it was in motion, the action that Keystone was negligent in failing to warn against. Since installation of the conveyor belt was incomplete at the time of the injury, the exclusion did not apply, and Regis owed a duty to defend Keystone under the remaining terms of the insurance contract.

¶ 16 Finally, an insurer's duty to indemnify an insured follows its duty to defend that insured. *American States Insurance Co., v. State Auto Insurance Co.,* 721 A.2d 56, 63 (Pa.Super.1998). Thus, Regis' duty to defend the suit generated a consequent duty to indemnify Keystone for any recovery. Moreover, when an insurer wrongfully declines to defend an insured, the insured may enter a reasonable settlement agreement and subsequently seek indemnification from the insurer to the extent that there is actual coverage for the claim. *Id.* at 64. Thus, because Regis wrongfully declined to defend Keystone and the policy actually covered Kennedy's injury, Regis owes a duty to indemnify Keystone for the settlement, assuming it was reasonable in amount.

¶ 17 In sum, although the trial court erred in declining to examine the impact of the "completed operations" policy provision, we can affirm on any basis, *Gruenwald v. Advanced Computer Applications,*

*Inc.,* 730 A.2d 1004, 1010 (Pa.Super.1999), and we ultimately reach the same conclusion as the trial court in the instant case. Since the "completed operations" exclusion did not absolve Regis of its duty to defend, and since the duty to indemnify follows the duty to defend, we conclude that Regis owed both duties to Keystone.

¶ 18 Judgment affirmed.